IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BRIAN L. KINTER, | : | Case No. 3:12-cv-85 |
| Plaintiff, | | |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Michael J. Newman |
| JENISE L. BOLTZ, *et al.*, | | |
| Defendants. | : | |

___

**REPORT AND RECOMMENDATION[1]  THAT
DEFENDANT BOLTZ'S COUNTERCLAIMS BE DISMISSED WITHOUT PREJUDICE,
AND THIS CASE BE TERMINATED UPON THE COURT'S DOCKET**
___

In this *pro se* action, the Magistrate Judge recently issued a Report and Recommendation that Plaintiff's claims be dismissed.  Doc. 40.  At that time, the Magistrate Judge also ordered Defendant Jenise Boltz to advise the Court whether she intends to proceed on the merits of her counterclaims.  *See id.* at PageID 324.   In compliance with that Order, Defendant Boltz notified the Court that she intends to proceed on her counterclaims against *pro se* Plaintiff.   *See* doc. 41.

Defendant Boltz asserts three state-law counterclaims against Plaintiff: malicious prosecution; lost wages and attorney fees; and the intentional infliction of emotional distress.  Doc. 39 at PageID 307-10.   She does not allege that diversity jurisdiction exists.[2]   *Id.* at PageID 304.   Rather, she asserts the Court has supplemental jurisdiction over her counterclaims because

___

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Diversity jurisdiction would not apply.  *See* 28 U.S.C. § 1332.  First, it appears that Plaintiff and Defendant Boltz are both citizens of Ohio.  *See id.*  Second, Defendant Boltz requests only $62,000 in damages, which does not meet the $75,000 threshold for diversity jurisdiction.  *See id.*

they arise from the same case or controversy as Plaintiff's federal 42 U.S.C. § 1983 action.[3]  *Id.*

As there is no diversity jurisdiction and all of Defendant Boltz's counterclaims arise under state law, the Court would have to exercise supplemental jurisdiction over her state-law counterclaims for those counterclaims to proceed.  The Magistrate Judge recommends that it would be inappropriate to do so if the Court adopts the previous Report and Recommendation and dismisses Plaintiff's federal claims.  28 U.S.C. § 1367(c)(3); *see also Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001).

Therefore, it is **RECOMMENDED** that Defendant Boltz's counterclaims be **DISMISSED WITHOUT PREJUDICE** and this case be **TERMINATED** upon the Court's docket.

July 23, 2012                                                                s/ **Michael J. Newman**
                                                                                         United States Magistrate Judge

---

[3] Defendant Boltz states in her Answer:  "The jurisdiction for this filing is appropriate since it addresses existing case 3:12-CV-085; recently filed in this jurisdiction and addressing federal questions."  Doc. 39 at PageID 304.

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).